THE STATE OF CONNECTICUT *vs.* JOHN J. QUINN.

* First Judicial District, Hartford, March Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Upon a prosecution for rape or for an indecent assault, evidence that the complainant was intoxicated at the time, or that she was insane, is admissible to affect the credibility of her story; but it is within the discretion of the court to exclude evidence which is offered merely for the purpose of showing that the complainant on other occasions, when under the influence of liquor, falsely accused other men of assaulting or attempting to assault her.

In cases of this character, when the two parties are the only witnesses and contradict each other, considerable liberality is allowed in the admission of testimony, both in corroboration and in contradiction of the complainant.

There is no occasion, however, for stretching the well-established rule as to collateral inquiry, when, as in the present case, the assault itself is admitted and the witnesses differ only as to matters of aggravation.

Submitted on briefs March 3d—decided April 14th, 1908.

INFORMATION for rape and also for an indecent assault, brought to the Superior Court in New Haven County and tried to the jury before *Robinson, J.;* verdict and judgment of guilty upon the count charging an indecent assault, and appeal by the accused. *No error.*

*E. P. Arvine* and *John F. Wynne,* for the appellant (the accused).

* Transferred from the third judicial district.

The State v. Quinn.

*William H. Williams*, State's Attorney, and *Arnon A. Alling*, for the appellee (the State).

THAYER, J. The accused admitted upon the trial that he entered the dwelling of the complainant, Mrs. Barnes, passed through the kitchen and into the bedroom where the complainant lay asleep upon a bed, and seized her by the leg, whereupon she awoke and ordered him out, and that without giving her any explanation of his conduct he at once departed. Upon the trial, to explain his act, he testified that when he placed his hand upon Mrs. Barnes he supposed her to be Mr. Barnes, her husband, and that his purpose was to awaken him. The complainant testified that when she awoke she found the accused lying upon her between her limbs, with her clothing up and trying to have intercourse with her. The accused, having offered evidence tending to prove that the complainant, at the time of the assault, was intoxicated, offered to prove, by the testimony of several witnesses, that when under the influence of liquor on other occasions she had falsely accused other men with attempting to enter her room and have intercourse with her. This testimony was excluded, and its exclusion is the sole ground upon which the appeal is based.

The complainant, as a witness for the State, having testified as to the assault, it was permissible for the accused to show, if he could, that at the time of the occurrence her faculties for correctly observing or of understanding what took place were impaired, or that her character for truth and veracity was below par. Her accusation, unless she could be shown to be dishonest, or laboring under some constitutional defect or delusion which might lead her to believe that something occurred which did not take place, would have great weight with the jury. Any proper evidence which tended to show such mental or moral incapacity should have been permitted. The trial court recognized this, and allowed the accused to offer evidence tending

to prove that she was intoxicated at the time when she claimed that the assault was made. And when the excluded testimony was offered, the court informed counsel for the accused that if insanity on the part of Mrs. Barnes was claimed he might be permitted to show it. But counsel did not then claim it for such purpose, but simply " to show that on similar occasions," that is, when she had been drinking, " she had made these same charges."

In view of the suggestion of the court, it was incumbent on counsel, if the purpose of offering the testimony was to show that, when intoxicated, she was apt to be under the delusion that such assaults upon her person were made or attempted, when in fact none were, to state such purpose explicitly. Such a delusion would go to show temporary insanity. But under the terms of the offer, made after the ruling in favor of admitting the testimony in dispute if insanity were claimed, the court was warranted, in its discretion, in refusing to permit collateral inquiries into false statements on other occasions in respect to other men. *State* v. *Randolph*, 24 Conn. 363, 366.

Had the complainant been asked, upon cross-examination, whether she had not on the different occasions falsely charged other men with similar offenses, it would have been within the discretion of the court to permit the question, and, if she denied that she had done so, to permit the testimony now in question to be offered in contradiction. Considerable liberality is allowed in the admission of testimony, both in corroboration and contradiction of the main witness, in cases of this kind, when the two parties are the only witnesses as to the transaction and contradict each other. In the present case, however, the accused admitted the assault, and it was only as to the aggravation of it that the witnesses differed. The accused admitted that he entered the complainant's dwelling by a back door, after having tried the front one, that there was a light burning in the kitchen, which lighted the bedroom where the complainant lay, and these facts, in addition to his admission that he attempted no explanation at the time he was ordered to

leave, were well calculated to lead the jury to doubt his story that he mistook the complainant for a man and placed his hand upon her simply for the purpose mentioned by him. There was therefore no occasion, in the present case, for stretching the well-established rule.

There is no error.

In this opinion the other judges concurred.